IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARREYLL T. THOMAS,

                      Plaintiff,

v.

MICHAEL REESE, *et al.*,

                      Defendants.

OPINION AND ORDER

13-cv-597-wmc

---

State inmate Darreyll T. Thomas filed this civil action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the Dane County Jail. Defendants have filed a motion, arguing that the complaint must be dismissed because Thomas failed to exhaust available administrative remedies with respect to his claims. (Dkt. # 34). Thomas has since responded. (Dkt. # 40). For reasons set forth below, the court will grant defendants' motion and dismiss the complaint without prejudice.

## FACTS

While the relevant events all took place at the Dane County Jail, plaintiff Darreyll Thomas is currently incarcerated by the Wisconsin Department of Corrections at the Columbia Correctional Institution in Portage. The named defendants are all Dane County Sheriff Deputies: Michael Reese, Robin Hampton, Robert Van Norman and Christopher Larsh. In addition, the complaint names as defendants five other "John Doe" staff members assigned to the Dane County Jail.

The claims in this case stem from an incident that occurred at the Dane County Jail in July 2012, where Thomas was in custody pending criminal proceedings in Dane

County Case No. 11CF1044. In that case, Thomas was facing charges of second-degree sexual assault with use of force, strangulation and suffocation, substantial battery with intent to cause bodily harm, victim intimidation accompanied by property damage, disorderly conduct and theft.

On July 28, 2012, Thomas claims that Deputy Reese improperly assigned him to a top bunk in violation of his medical restriction to a lower bunk. When Thomas refused to accept a top-bunk assignment, Deputies Reese, Hampton and Van Norman allegedly slammed Thomas into a wall and then to the floor. Thomas alleges further that Deputy Larsh and five John Doe staff members were standing by and failed to intervene in this excessive use of force.

As a result of this altercation, Thomas was charged with assault by a prisoner, resisting or obstructing an officer, and disorderly conduct in Dane County Case No. 12CF1488. In addition, Thomas was charged with a major violation of jail disciplinary rules for his role in the July 28, 2012 altercation with Deputies Reese, Hampton and Van Norman. Thomas claims that these charges were lodged against him by Deputy Reese after Thomas threatened to sue him for the use of force.

Shortly after the July 28th incident, Thomas was provided with a document labeled "Notice of Disciplinary Hearing & Rights." (Dkt. # 36, Exh. C) That notice informed Thomas of the rules he was alleged to have violated. (*Id.*) Thomas was also advised that a formal disciplinary hearing would be held on August 1, 2012. (*Id.*)

On July 31, 2012, Thomas waived his right to a formal hearing on the disciplinary charges, which alleged a major violation of jail rules. (*Id.*) Following an informal hearing,

Thomas was found guilty as charged of violating jail disciplinary rules. (*Id.*) As punishment, Thomas was placed in disciplinary segregation for ten days.

On September 10, 2012, Thomas pled guilty to several of the original charges against him in Case No. 11CF1044 (strangulation and suffocation, substantial battery and victim intimidation) and received an 8-year prison sentence. The charges against Thomas in Case No. 12CF1488 were dismissed that same day.

In this case arising out of the altercation in Dane County Jail, the court granted Thomas leave to proceed with claims against Reese, Hampton, Van Norman and five John Doe staff members for excessive force and/or failure to intervene. The court also granted Thomas leave to proceed with a retaliation claim and a state-law battery claim against Reese.

## OPINION

Defendants move to dismiss on the grounds that Thomas did not comply with the exhaustion requirement found in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997a(e), before filing suit in this court. Because Thomas did not file a grievance or pursue other available administrative remedies concerning the same issues at the Dane County Jail, the court agrees. The PLRA prohibits any civil action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

3

The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Dane County Jail maintains a formal grievance procedure that is described in the Inmate Handbook, a copy of which was given to Thomas when he was booked into that jail. (Dkt. # 36, Exhs. A & B at 28.) According to the handbook, inmates at the jail must make every effort to resolve a complaint informally with the housing unit deputy before being issued a grievance form. (*Id.*) The Security Services secretary must receive an inmate's formal grievance form within five working days from the date the incident occurred. (*Id.*) A late grievance may be accepted on a case-by-case basis. (*Id.*) Within ten business days following the receipt of the formal grievance, the inmate will receive a letter of acknowledgement or decision from a Sergeant or their designee. (*Id.* at 29.) If the inmate is not satisfied with the decision made on his grievance, he may submit an appeal to the Jail Captain within five business days of receiving the decision made on his grievance. (*Id.*) The Jail Captain is the final level of appeal. (*Id.*)

Additional procedures are available for incidents involving a major disciplinary rules violation. (*Id.* at 27.) According to the Inmate Handbook, grievances associated with issues involving major discipline must also be raised during an appeal from the disciplinary proceeding. (*Id.* at 28.)

4

Not only did Thomas choose not to dispute the major disciplinary action against him, Thomas also did not file his own grievance regarding his bunk assignment, the use of force or the disciplinary charges. In addition, to the extent that these issues pertained to the major rules violation that he was found guilty of committing, Thomas could have requested a formal hearing followed by an appeal from his disciplinary conviction, but he also took neither of these steps. Thomas offers no explanation for his failure to pursue any of these available administrative remedies.

In support of his contention that the exhaustion requirement is satisfied, Thomas does submit a "jail log" entry from the Dane County Sheriff's Office. (Dkt. # 40, Exh. 1). According to this exhibit, Thomas requested a grievance form "because he feels he is not being allowed to get information from records because he has to write records and send the request via mail and he has no [envelopes] to send the request by mail." (*Id.*) Assuming that this submission qualifies as an informal grievance, Thomas made no mention of any dispute about his bunk assignment, the ensuing use of force or the alleged retaliation by Deputy Reese. This alone was, therefore, insufficient to alert jail officials of a problem or give them a fair opportunity to address his complaints. Thus, a single request for a form does not serve to exhaust remedies required by the PLRA, 42 U.S.C. § 1997e(a). *See Porter*, 534 U.S. at 525 (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); *see also Johnson v. Johnson*, 385 F.3d 503, 518 (5th Cir. 2004) (concluding that a grievance which failed to mention the problem was insufficient to exhaust administrative remedies).

The Supreme Court has emphasized that the requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This includes compliance with prison procedural rules. *Id*. As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524. By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id*. (citing *Booth*, 532 U.S. at 737). In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy. *Id*. (citations omitted).

Although Thomas had ample time and opportunity to file a grievance concerning the conditions of his confinement while at the jail, he deliberately bypassed the administrative review process available at the Dane County Jail. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). In that respect, the Supreme Court has made clear that prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules. *See Woodford*, 548 U.S. at 96-98. Plaintiff's failure to

6

complete the grievance process violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. Because plaintiff failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed without prejudice.

Accordingly, the court will grant defendants' motion and dismiss the complaint for plaintiff's failure to comply with § 1997e(a). Because both parties refer to documentation of the grievance procedures in place at the Dane County Jail and what effort, if any, Thomas made to exhaust available remedies, the court has effectively treated the motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Therefore, final judgment will be withheld for thirty days. If Thomas has any additional evidence showing that he did, in fact, exhaust administrative remedies with respect to his claims in compliance with the procedures outlined above, he may submit that evidence along with a motion to reopen this case within thirty days of the date of this order.

## ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss (dkt. # 34) is GRANTED.

2) The complaint is DISMISSED without prejudice for plaintiff Darreyll T. Thomas's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). The clerk's office is directed to close this case and to terminate all pending motions.

3) Plaintiff may move to reopen this case within thirty days of the date of this order if he presents evidence showing that he exhausted administrative remedies at the Dane County Jail.

7

4) If plaintiff fails to so move, the clerk's office is directed to enter judgment dismissing this case.

Entered this 6th day of August, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge