IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARREYLL T. THOMAS,

                Plaintiff,

    v.

MICHAEL REESE, *et al.*,

                Defendants.

ORDER

13-cv-597-wmc

State inmate Darreyll T. Thomas filed this civil action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the Dane County Jail.  On August 6, 2014, the court granted defendants' motion to dismiss after finding that Thomas failed to exhaust available administrative remedies before filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  On October 10, 2014, the court denied Thomas's motion to reopen the case and entered judgment in favor of defendants.

Thomas has now filed a motion for reconsideration, which is construed as one seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e).  Rather than offer evidence of exhaustion as he was invited to do in the Court's August 6, 2014 order, Thomas again raises arguments that are similar to ones that were raised and considered previously in denying his motion to reopen on October 10, 2014.  A Rule 59(e) motion is not intended as a vehicle to relitigate matters already disposed of or to raise novel theories. *Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). As such, the Rule 59(e) movant "must clearly establish either a manifest error of law or must present newly discovered evidence." *Id*.  In this context, a "manifest error" means

"wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Thomas does not meet this showing here.

As discussed previously in this case, Thomas's claims stem from an alleged use of force that resulted in major disciplinary charges being filed against him. Thomas concedes that he chose not to challenge the use of force by appearing at an administrative disciplinary hearing offered as part of the remedy process at the Jail, bypassing an opportunity to raise the issues that form the basis of his complaint. Although Thomas claims that he was unaware that the administrative disciplinary hearing was part of the Jail's remedy process, those procedures are explained in the Inmate Handbook in the section entitled "Formal Grievance Procedure." (Dkt. # 36, Exh. B.) In particular, those procedures state that "[g]rievances may not be filed for issues involving major discipline (*i.e.*, disciplinary hearings) because a separate appeal process is available." (*Id.*) The right to appear at a formal hearing and dispute factual information presented in connection with disciplinary matters was also explained to Thomas in a "Notice of Disciplinary Hearing and Rights." (Dkt. # 36, Exh. C.)

Thomas admits that he had access to a copy of the Inmate Handbook at the Jail. (Dkt. # 49, Thomas Decl. ¶ 2.) Likewise, Thomas admits that he received notice of his rights in connection with the disciplinary charges against him. (Dkt. # 36, Exh. C.) Based on this record, Thomas does not show that he lacked information or that he was prevented from pursuing the remedy process at the Jail. More importantly, Thomas does

not establish that he is entitled to relief from the judgment under Fed. R. Civ. P. 59(e).

Accordingly, Thomas's motion for reconsideration will be denied.

## ORDER

IT IS ORDERED that plaintiff Darreyll T. Thomas's motion for reconsideration (dkt. # 54) is DENIED.

Entered this 15th day of October, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge