IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARREYLL T. THOMAS,

        Plaintiff,                          ORDER

    v.                                     13-cv-597-wmc
                                                     Appeal No. 14-3406

MICHAEL REESE, *et al.*,

        Defendants,

---

On October 2, 2014, judgment was entered in favor of defendants dismissing this case. Plaintiff Darreyll T. Thomas subsequently filed a motion to alter or amend the judgment that was denied on October 15, 2014. Plaintiff has now filed a notice of appeal and he requests leave to proceed *in forma pauperis*. For reasons set forth briefly below, the court will grant that motion.

As an initial matter, the federal *in forma pauperis* statutes require a district court to certify whether an appeal is "not taken in good faith" or that the party is "not otherwise entitled to proceed" as an indigent litigant. FED. R. APP. P. 24(a)(3). The court has carefully reviewed all pertinent matters in this civil action. Based on this review and the court's clear recollection of the relevant proceedings, the court certifies that plaintiff has not filed his appeal in bad faith for purposes of Fed. R. App. P. 24(a)(3).

Because plaintiff is incarcerated, his eligibility for leave to proceed *in forma pauperis* is governed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which bars an inmate from proceeding without prepayment of the filing fee if he has, on three

or more prior occasions, while incarcerated or detained brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or failure to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury. Plaintiff has no "strikes" or sanctions against him for engaging in frivolous litigation while in prison and there does not appear to be any other impediment to indigent status. Therefore, after considering plaintiff's motion and supporting documentation, which includes a certified copy of his inmate trust fund account statement, the court concludes that plaintiff is eligible to proceed as an indigent litigant.

Although plaintiff has been found eligible to proceed *in forma pauperis*, the PLRA requires indigent inmates to pay the full amount of the docketing fee for his notice of appeal ($505) in increments, starting with an initial partial payment, pursuant to the formula found in 28 U.S.C. § 1915(b)(1)-(2). Based on plaintiff's inmate trust fund account statement, the court is able to make an initial partial filing fee payment of $96.18, which will be due no later than November 21, 2014. Thereafter, plaintiff shall pay the remainder of the $505 appellate docketing fee in monthly installments according to 28 U.S.C. § 1915(b)(2).

Plaintiff has also filed a motion to use his inmate release account to pay the appeal filing fee in this case. (Dkt. #59). The federal *in forma pauperis* statute suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the State of Wisconsin has conceded that the PLRA, 28 U.S.C. § 1915(b)(1), supersedes any restrictions state law imposes on the availability of funds in a

prisoner's release account. Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial appeal payment, he should be allowed to use his release account to pay some or all of the assessed amount. This does not mean that plaintiff is free to ask prison officials to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $96.18 initial partial appeal payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to ensure that they are aware they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that:

1. The court CERTIFIES that plaintiff Darreyll T. Thomas's notice of appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

2. Thomas's motion for leave to proceed *in forma pauperis* (dkt. #59) is GRANTED.

3. No later than November 21, 2014, Thomas shall submit a check or money order made payable to the Clerk of Court in the amount of $96.18 as an initial partial payment of the docketing fee for his appeal.

4. If Thomas fails to make his initial partial fee payment as directed by November 21, 2014, the clerk's office will notify the court of appeals so

that it may take whatever action it deems appropriate with respect to this appeal.

5. Thomas's motion to use release account funds (dkt. #59) to pay the initial partial appeal payment he has been assessed in this case is GRANTED IN PART as explained in this order.

Entered this 31st day of October, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge